UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIE CLAUDIUS WATT, | Civil No. 06-5138 (RHK/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| HENNEPIN COUNTY, MINNESOTA, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

Plaintiff commenced this action on December 29, 2006, by filing his IFP application and a civil complaint. The Court found Plaintiff's complaint to be deficient, because it did not allege any facts that would support any cause of action against the named Defendant, Hennepin County. Therefore, by order dated January 24, 2007, (Docket No. 9), the Court ruled that Plaintiff's IFP application would "not be decided at this time." The order gave Plaintiff thirty days to file an amended complaint that would cure the defects found in his original pleading.

Although Plaintiff has now filed an amended complaint, his new pleading does not cure the defects found in the original complaint. Plaintiff still has not described any specific

acts or omissions by Defendant Hennepin County, which, if proven true, would entitle Plaintiff to a judgment in his favor. Plaintiff apparently believes Defendant played some role in a 1998 incident in which Plaintiff was apprehended by Minneapolis police officers. However, Plaintiff still has not alleged any facts that would explain why he is now, (nine years later), attempting to sue Hennepin County.[1]

In sum, Plaintiff's amended complaint is just as deficient as his initial pleading. Because Plaintiff has not corrected the pleading defects that were pointed out in the prior order in this matter, he still has not stated an actionable claim. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (§ 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 8, 2007

                                                  *s/ Janie S. Mayeron*
                                                  JANIE S. MAYERON
                                                  United States Magistrate Judge

---

[1] Plaintiff was advised that he should contact the Volunteer Lawyers Network, and ask that organization to help him find a lawyer to represent him in this matter. Although Plaintiff was strongly encouraged to seek legal assistance before filing an amended complaint, he apparently chose not to follow that recommendation.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 27, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.